IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 22-cv-2372-NJR |
| | ) |
| DR. RITZ, DR. SIDDIQUI, NURSE PRACTITIONER MOLDENHAUER, and WEXFORD HEALTH SOURCES, INC., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Marcus Brown, who at the time he filed his Complaint was an inmate of the Illinois Department of Corrections ("IDOC"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. The Complaint was originally filed in the U.S. District Court for the Central District of Illinois (*See* Doc. 7) because he filed claims against employees at both Pontiac and Menard Correctional Centers. On October 11, 2022, District Judge James Shadid dismissed the claims against Pontiac officials and transferred the claims against Menard officials to this district court (*Id*.). In the Complaint, Brown alleges defendants at Menard were deliberately indifferent to his shoulder injury in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen

1

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Brown makes the following allegations: While incarcerated at Pontiac, Brown injured his shoulder lifting weights (Doc. 1, p. 9). Despite complaining about continued pain in his shoulder, staff at Pontiac did not believe he had injured his shoulder and failed to provide him with care (*Id*. at pp. 9-10).

On May 23, 2018, Brown transferred to Menard. On June 1, 2018, he saw Nurse Practitioner Moldenhauer (*Id*. at p. 14). She referred him to Dr. Siddiqui for his pain. On June 6, 2018, he saw Dr. Siddiqui and requested an MRI and stronger pain medications. Dr. Siddiqui ordered an x-ray, ultrasound, and physical therapy, but refused to order any stronger pain medications (*Id*.). Although records indicate that Brown refused the ultrasound, Brown maintains that he never refused any tests (*Id*.). He received an x-ray of his shoulder. On June 25, 2018, he again saw Moldenhauer. Although records indicate that he refused pain medications, Brown disputes the medical records and also alleges that the continued treatment of the same medications that did not relieve his symptoms amounted to no treatment (*Id*. at p. 15). Brown continued to request treatment from Dr. Siddiqui and Moldenhauer for years but received no further care or stronger pain medications than Naproxen, Tylenol, and Ibuprofen (*Id*. at pp. 15-16).

The medical records indicate that he was diagnosed in 2021 with a rotator cuff tear (Doc. 1, pp. 45, 49, 57-58). Despite being diagnosed with a complete torn rotator cuff, Brown alleges that Moldenhauer and Siddiqui continued to refuse him additional care, including additional pain medication and physical therapy (*Id*. at pp. 16-17). He believes their decision to not provide him care is part of a continued practice by Wexford to "short cut" treatment in order to save costs (*Id*. at p. 18). He also alleges that Dr. Ritz, Wexford's utilization management physician, denied additional care for Brown's injuries (*Id*. at p. 12).

## Discussion

Based on the allegations in the Complaint, the Court designates the following counts:

**Count 1:** Eighth Amendment deliberate indifference claim against Dr. Ritz, Dr. Siddiqui, and Moldenhauer for denying and delaying Brown medical care for his torn rotator cuff.

**Count 2:** Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for establishing cost cutting policies which denied Brown care for his torn rotator cuff.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is

At this stage, Brown states valid claims in Counts 1 and 2. The Court notes that Brown alleges Dr. Ritz denied him care prior to his transfer to Menard. As noted by District Judge Shadid, it is unclear from the allegations whether Dr. Ritz continued to participate in Brown's care after his transfer to Menard. The attached medical records indicate that Dr. Ritz denied an outside referral on May 10, 2018 (Doc. 1, pp. 28, 31). But at this stage, the Court cannot say that the claims against Dr. Ritz are clearly barred by the statute of limitations. Thus, the Court cannot dismiss the claims against Dr. Ritz at this time (*See* Doc. 7, pp. 4-5).

## Pending Motions

As to Brown's motion for counsel, he indicates that he has a serious mental illness and had help writing his Complaint (Doc. 5). Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel … cannot be gauged.").[2] Further, counsel is not needed at this time because Defendants have not yet been served and a scheduling order has not been entered. Thus, his motion is **DENIED without prejudice.**

---

plausible on its face"). This includes any claim of retaliation. Although Brown alleges that Moldenhauer refused to provide him with proper care as an act of retaliation he fails to point to any speech or activity he participated in which motivated Moldenhauer to retaliate against him. *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020).

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

**Disposition**

For the reasons stated above, Count 1 shall proceed against Dr. Ritz, Dr. Siddiqui, and Moldenhauer. Count 2 shall proceed against Wexford Health Sources, Inc.

The Clerk of Court shall prepare for Defendants Dr. Ritz, Dr. Siddiqui, Moldenhauer, and Wexford Health Sources, Inc.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Brown. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Brown, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Brown, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Brown is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  December 9, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**