IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| *MARCUS BROWN, #M38743,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cv-02372-MAB |
| | ) | |
| *MOHAMMED SIDDIQUI and WEXFORD HEALTH SOURCES, INC.,* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS DR. MOHAMMED SIDDIQUI AND WEXFORD HEALTH SOURCES, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOC. 69)**

COME NOW Defendants Dr. Mohammed Siddiqui and Wexford Health Sources, Inc., by and through undersigned counsel, and state the following regarding their Response in Opposition to Plaintiff's Motion to Compel Discovery (Doc. 69):

1. Merits discovery in this matter opened on April 10, 2024 when the Court issued its Scheduling Order, which set a discovery deadline of February 10, 2025 (Doc. 60).

2. Plaintiff filed his Motion to Compel Discovery on May 22, 2024, in which he requests copies of unspecified written policies/guidelines and records related to "medical" (Doc. 69).

3. Defendants have not received any written discovery requests or associated correspondence from Plaintiff in this case following the opening of discovery and prior to filing the instant motion.

4. Plaintiff's Motion should be denied because Plaintiff requests documents from Defendants for the first time in a Motion to Compel Discovery rather than sending written discovery requests pursuant to the Federal Rules of Civil Procedure.

**Argument**

5. Plaintiff failed to comply with Federal Rule of Civil Procedure 37(a)(1) prior to filing his Motion. According to Federal Rule of Civil Procedure 37(a)(1), a party may move for an order compelling disclosure or discovery through a motion that *must include a certification* that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

6. As Plaintiff failed in good faith to confer with Defendants' counsels regarding discovery, Plaintiff cannot include a certification of doing so as required by the Federal Rules of Civil Procedure and, therefore, his motion should be denied. *Rones v. Schrubbe*, 451 F. App'x 585, 587 (7th Cir. 2011). Plaintiff's Motion is premature because the meet and confer process for Plaintiff's discovery concerns is not yet complete.

7. Defendants request the Court deny Plaintiff's Motion as premature because Plaintiff failed to satisfy meet-and-confer requirements prior to filing a discovery motion.

**Conclusion**

Plaintiff's Motion should be denied because Plaintiff is requesting the Court compel Defendants to respond to discovery requests yet to be properly resolved (or even issued). Plaintiff did not attempt to resolve these issues before resorting to filing a motion with the Court.

WHEREFORE, Defendants Dr. Mohammed Siddiqui and Wexford Health Sources, Inc. respectfully request that this Court deny Plaintiff's Motion to Compel Discovery (Doc. 69), and for any additional relief the Court deems necessary and proper.

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ Alejandro S. Valdez*
Rodney M. Sharp, #6191776IL
Alejandro S. Valdez, #68528MO
701 Market Street, Suite 600
St. Louis, MO 63101
314-231-3332
314-241-7604 (Fax)
rsharp@sandbergphoenix.com
avaldez@sandbergphoenix.com

*Attorneys for Defendants Mohammed Siddiqui and Wexford Health Sources, Inc.*

**Certificate of Service**

I hereby certify that on this the 5th day of June 2024, the foregoing was filed electronically with the Clerk of the Court and mailed by United States Postal Service to the following non-participant in Electronic Case Filing:

**LEGAL MAIL**
Marcus Brown, #M38743
Menard Correctional Center
711 Kaskaskia Street
PO Box 1000
Menard, IL 62259
*Pro se Plaintiff*

*/s/ Alejandro S. Valdez*